IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WOLFE ELECTRIC, INC., and BIG )
BUILDING, LLC, )
 )
       Plaintiffs, )
 )
v. ) Case No. 23-1152-DDC-GEB
 )
BLUESCOPE BUILDINGS NORTH )
AMERICA, INC., )
 )
       Defendant. )
_____)
BLUESCOPE BUILDINGS NORTH )
AMERICA, INC., )
 )
       Third-Party Plaintiff, )
 )
v. )
 )
TRUE STEEL LLC, )
 )
       Third-Party Defendant. )
_____)

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Third-Party Defendant True Steel LLC's ("True Steel") Motion for Leave to File Third-Party Complaint ("Motion") **(ECF. No. 65)**. After careful review of the parties' briefing and Amended Proposed Third-Party Complaint, for the reasons set forth below, the Court **DENIES** True Steel's Motion.

I.      **Background**[1]

Wolfe Electric, Inc. and Big Building, LLC ("Plaintiffs") initially brought their action in the Eighteenth Judicial District Court of Sedgwick County, Kansas. Plaintiffs' claims are related to their contract with Butler Manufacturing, a division of Defendant BlueScope Buildings North America, Inc., ("BlueScope") to design a roof for real property and improvements located in Wichita, Kansas. Butler purportedly merged into Defendant BlueScope in 2009 and will be referred to as BlueScope hereafter. After the roof was installed, Plaintiffs discovered the painted finish on the roof panels was cracking, blistering, peeling, and flaking over the majority of the roof and many of the panels were exhibiting significant rust. Plaintiffs made a claim against the BlueScope Manufacturing Warranty which BlueScope denied claiming the defects in the roof panels were caused by improper, wet storage of the panels prior to installation. Plaintiffs filed their breach of contract action in Sedgwick County on June 29, 2023.

BlueScope removed the case to this Court on July 27, 2023. Subject matter jurisdiction is based upon the diversity of the parties pursuant to 28 U.S.C. § 1332(a). BlueScope filed an unopposed Motion for Leave to File Its Third-Party Complaint against True Steel on January 11, 2024, which was granted. BlueScope filed its Third-Party Complaint against True Steel on January 16, 2024. In its Third-Party Complaint,

---

[1] Unless otherwise indicated, the information set forth in this section is taken from the following pleadings, motions, and orders: State Court Petition, ECF No. 1-1; BlueScope Answer, ECF No. 6; BlueScope's Motion for Leave , ECF No. 27; BlueScope's Third-Party Complaint, ECF No. 30; Amended Complaint, ECF No. 33; Answer to Amended Complaint, ECF No. 34; Answer to Third-Party Complaint, ECF No. 46; and Order, ECF No. 49. This is background information and should not be construed as judicial findings or factual determinations.

BlueScope alleged Plaintiff Wolfe Electric entered into a contract with True Steel to act as the general contractor and "erect and complete in a substantial and workmanlike manner" a new roof on the existing Wichita property. True Steel contracted with BlueScope to be an authorized builder using BlueScope materials on the project. True Steel ordered materials, including the subject roof panels, from BlueScope. BlueScope alleges it was True Steel who was responsible for the improper storage of the subject roof panels allegedly causing the defects in them. The claims in BlueScope's Third-Party Complaint sound in negligence; breach of contract – express contractual indemnity; implied contractual indemnity; and breach of contract – failure to procure insurance, failure to name BlueScope as an additional insured, and failure to defend.

Shortly after BlueScope filed its Third-Party Complaint, Plaintiffs filed an Amended Complaint adding claims of negligent misrepresentation and negligence to its claim for breach of warranty against BlueScope. Both Plaintiffs' Amended Complaint and BlueScope's Third-Party Complaint were timely answered. The Court held a Status Conference on April 25, 2024 resetting certain deadlines including the deadline for any motion for leave to join additional parties or otherwise amend pleadings which was set for June 14, 2024. True Steel timely filed its Motion.

## II.    True Steel's Motion for Leave to File Third-Party Complaint

Pursuant to Fed. R. Civ. P. 14, True Steel initially sought to file its Third-Party Complaint against Butler Manufacturing Company, not Defendant BlueScope, and Steelscape, LLC ("Steelscape"). True Steel alleged manufacturing defects, not improper, wet storage caused the roof panel failures. Steelscape purportedly manufactured and

shipped metal coils used to make the roofing panels to BlueScope who then manufactured the panels and shipped them to True Steel. True Steel's initial proposed Third-Party Complaint raised two counts of indemnification; one against Butler and one against Steelscape.

Plaintiffs responded in opposition asserting True Steel fails to state a claim for any of the three types of indemnity claims recognized in Kansas[2] against either Butler or Steelscape. In True Steel's reply, now also relying on the joinder provision in K.S.A. § 60-258a(c) in addition to Fed. R. Civ. P. 14, it narrowed the claims to one for comparative implied indemnity against Steelscape only. Where True Steel's claims no longer aligned with the proposed Third-Party Complaint, for the sake of clarity, the Court ordered True Steel to file a revised, proposed Third-Party Complaint which aligned with its claims set forth in its reply. True Steel timely filed an Amended Proposed Third-Party Complaint.[3] Plaintiffs filed an amended response to True Steel's Motion.[4] Because Plaintiffs amended response was filed without leave and largely reiterated its arguments against a claim for indemnity against Steelscape raised in its initial response, the amended response was stricken.[5] The Court is now prepared to rule upon the parties original briefing along with True Steel's Amended Proposed Third-Party Complaint.

---

[2] Kansas law recognizes the following types of indemnity claims: 1) express contractual indemnity; 2) implied contractual indemnity; and comparative implied indemnity. *Eagle v. USA Dent Co., LLC*, No. 20-1146-JWB, 2022 WL 17903796, at *6 (D. Kan. Dec. 23, 2022) (quoting *Schaefer v. Horizon Bldg. Corp.*, 26 Kan.App.2d 401, 403 (1999)).

[3] ECF No. 76.

[4] ECF No. 77.

[5] ECF No. 78.

a.    **Legal Standard**

Because subject matter jurisdiction in this case is based upon the diversity of the parties pursuant to 28 U.S.C. § 1332, the Court must determine whether the joinder of Steelscape via a third-party complaint is governed by Fed. R. Civ. P. 14 or K.S.A. § 60-258a(c). The *Erie* doctrine requires a court sitting in diversity to apply federal procedural law and state substantive law.[6] "[F]ederal courts in this district have viewed [K.S.A. § 60-258a(c)] as merely a procedural device inapplicable in federal courts."[7] With the joinder provisions of K.S.A. § 60-258a viewed as procedural, the Court will evaluate joinder pursuant to Fed. R. Civ. P. 14.

Pursuant to Fed. R. Civ. P. 14(a)(1), a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." When, as True Steel has done here, a defendant seeks to join the third party more than 14 days after filing its original answer, it must obtain leave of court.[8] Whether to grant leave to file a third-party complaint is within the sound discretion of the court.[9] "Rule 14(a) should be liberally construed to accomplish its

---

[6] *Banner Bank v. Smith*, 30 F.4th 1232, 1238 (10th Cir. 2022); *see Racher v. Westlake Nursing Home Ltd. P'Ship*, 871 F.3d 1152, 1162 (10th Cir. 2017); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938).

[7] *AMCO Ins. Co. v. Mark's Custom Signs, Inc.*, No. 12-2065-CM, 2013 WL 12250962, * (D. Kan. April 19, 2013) (quoting *Stueve v. Am. Honda Motors Co., Inc.*, 457 F. Supp. 740, 750 (D. Kan. 1978)); *see also Baird v. Phillips Petroleum Co.*, 535 F. Supp. 1371, 1378 (D. Kan. 1982); *Greenwood v. McDonough Power Equip. Inc.*, 437 F. Supp. 707, 710 (D. Kan. 1977); *Hefley v. Textron Inc.*, 713 F.2d 1487, 1497 (10th Cir. 1983).

[8] Fed. R. Civ. P. 14(a)(1).

[9] *White Prompt, Inc. v. David A. Kraft & Assocs., LLC*, No. 20-4030-EFM, 2020 WL 6343305, at *1 (D. Kan. Oct. 29, 2020).

purpose, but it is not a catchall for independent litigation."[10] Rule 14 limits filing of third-party complaints to situations involving "secondary or derivative liability on the part of the proposed third-party defendant to the defendant,"[11] "Liability is secondary or derivative where [the] plaintiff's success on its claims against defendant establishes defendant's right to relief against the proposed third-party defendant."[12] A third-party plaintiff "must show 'that this critical element is met before the [c]ourt will allow the filing of a third-party complaint.'"[13] Here because BlueScope filed a Third-Party Complaint against True Steel and True Steel now seeks to file a Third-Party Complaint against Steelscape, liability would be considered secondary or derivative if Defendant/Third-Party Plaintiff BlueScope's success against Third-Party Defendant True Steel establishes True Steel's right of relief against proposed Third-Party Defendant Steelscape, i.e., it involves liability of True Steel to BlueScope which "may be passed on to the third-party defendant,"[14] Steelscape. "A third-party claim cannot simply be a related claim or one arising out of the same general background."[15] And Rule 14 is "not applicable to a situation involving the joinder of joint tortfeasors."[16] As the Third-Party Plaintiff here, True Steel bears the burden to establish joinder of the proposed Third-Party Defendant is proper.[17]

---

[10] *U. S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).

[11] *White Prompt, Inc.*, 2020 WL 6343305, at *1.

[12] *Id.* (quoting *Cessna Fin. Corp. v. Tri-Cty. Builders Corp.*, No. 14-1124-JTM, 2014 WL 7148840, at *1 (D. Kan. Dec. 15, 2014)).

[13] *Cessna Fin. Corp.*, 2014 WL 7148840, at *1.

[14] *White Prompt, Inc.*, 2020 WL 6343305, at *1.

[15] *Cessna Fin. Corp.*, 2014 WL 7148840, at *1.

[16] *White Prompt, Inc.*, 2020 WL 6343305, at *2 (quoting *Baird v. Phillips Petroleum Co.*, 535 F. Supp. 1371, 1378 (D. Kan. 1982).

[17] *Davis v. Mlake 11, LLC*, No. 16-2249-DDC, 2016 WL 6967455, at *2 (D. Kan. Nov. 28, 2016)).

**b.**     **Discussion**

As set out above, the relationship between the parties and their duties to one another is a complicated, interrelated web. In 2013, Plaintiffs contracted with BlueScope to design and supply materials for the roof on the Wichita property. BlueScope required the use of an authorized builder. Therefore, Plaintiffs separately contracted with True Steel to construct the roof. BlueScope required True Steel, as its authorized builder, to use materials it supplied, including the roof panels at issue. And proposed Third-Party Defendant Steelscape contracted with BlueScope to provide the steel coils BlueScope used to manufacture the roofing panels which were then provided to True Steel to use in the construction of the roof.

BlueScope's makes four claims against True Steel. First, BlueScope alleges True Steel was negligent. This claim is based on True Steel's alleged improper storage of the roof panels at the jobsite prior to their installation on the roof which purportedly allowed moisture to become trapped between the panels which ultimately lead to the cracking, blistering, peeling, and flaking of the roof panels with many of the panels were exhibiting significant rust. Second, BlueScope makes a claim for breach of contract – express contractual indemnity based upon the indemnity provisions included in the Builder Agreement between True Steel and BlueScope. The indemnity provision provides True Steel has a duty to defend and indemnify BlueScope for True Steel's negligence. The third claim is for implied contractual indemnity and is again related to True Steel's purported improper storage to the roof panels to avoid "wet stack." The fourth and final claim is another for breach of contract but is related to True Steel's alleged failure to procure

insurance, failure to name BlueScope as an additional insured, and failure to defend.

In the proposed Third-Party Complaint, True Steel denies Plaintiff's damages were due to True Steel's pre-installation storage of the roof panels resulting in "wet stack" as a pre-suit investigation allegedly found. True Steel alleges Plaintiff's damages were due to Steelscape' s manufacturing and shipping of steel coils used in the manufacture of the roof panels. If True Steel was found liable to BlueScope on either of the breach of contract claims, that would certainly not establish True Steel's right to relief against Steelscape under a theory of comparative implied indemnity. Comparative negligence theories are not proper on breach of contract claims.[18]

If True Steel was found liable to BlueScope on either the claim of negligence or implied contractual indemnity even that would not establish Steelscape's liability to True Steel. Although couched as a claim for comparative implied indemnity, the crux of True Steel's proposed Third-Party Complaint is that Steelscape improperly manufactured and/or shipped the steel coils, which BlueScope used in the manufacture of the subject roof panels, and caused Plaintiff's damages. Essentially, the proposed Third-Party Complaint alleges both True Steel and Steelscape owed duties to BlueScope making them joint tortfeasors. It doesn't assert Steelscape owes a duty to True Steel arising out of True Steel's obligation to BlueScope. Rule 14 is "not applicable to a situation involving the joinder of joint tortfeasors."[19]

---

[18] *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 643, 666 P.2d 192, 199 (1983).
[19] *White Prompt, Inc.*, 2020 WL 6343305, at *2 (quoting *Baird v. Phillips Petroleum Co.*, 535 F. Supp. 1371, 1378 (D. Kan. 1982).

The Court concludes True Steel has not met its burden to establish the claims against Steelscape in its proposed Third-Party Complaint are secondary or derivative of the BlueScope's claims against True Steel. Therefore, in its discretion the Court finds joinder of Steelscape through True Steel's proposed Third-Amended Complaint should not be permitted and True Steel's Motion is denied.

However, even though True Steel is not permitted to join Steelscape via a third-party complaint pursuant to Fed. R. Civ. P. 14, True Steel's right to compare fault with Steelscape under K.S.A. 60-258a is nonetheless protected.[20] "The intent and purpose of the statute was to 'impose individual liability for damages based on the proportionate fault of all parties to the occurrence.'"[21] "Under § 60-258a, the negligence of all tortfeasors may be compared even if all tortfeasors are not made parties to the lawsuit."[22] "This Court has consistently adhered to the 'phantom party' concept suggested in PATTERN INSTRUCTIONS FOR KANSAS 2d § 20.05 (1977) and 3 VERNONS'S KANSAS STATUTES ANNOTATED § 60-258, p. 88 (1977 Concannon Supp.)"[23] Therefore, even without joining Steelscape as a third-party defendant, True Steel can only be held liable for its own proportionate fault, if any.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Third-Party

---

[20] *Greenwood*, 437 F. Supp. at 710 (D. Kan. 1977) ("The conclusion that complete relief can be accorded plaintiff and defendant in the absence of the joinder of the owner and operator rests on the premise that the owner and operator need not be made parties in order for defendant's liability to be limited as intended in K.S.A. 60-258a(c) and (d).")

[21] *Dodge City Implement Inc.*, 205 P.3d at 1271 (quoting *Brown v. Keill,* 580 P.2d 867 (Kan. 1978)).

[22] *Baird*, 535 F. Supp. at 1378 (citing *Brown,* 580 P.2d 867 and *Miles v. West*, 580 P.2d 876 (Kan. 1978)); *see also Hefley*, 713 F.2d at 1497.

[23] *Id.* at 1378-79.

Defendant True Steel LLC's Motion for Leave to File Third-Party Complaint **(ECF. No. 65)** is **DENIED**.

        **IT IS SO ORDERED.**

    Dated October 21, 2024, at Wichita, Kansas.

                      s/ Gwynne E. Birzer
                      GWYNNE E. BIRZER
                      U.S. Magistrate Judge